```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF NEW YORK

------------------------------X Docket#
UNITED STATES OF AMERICA,      : 17-mj-00199-SIL-1
                               :
    - versus -                 : U.S. Courthouse
                               : Brooklyn, New York
ELVIS REDZEPAGIC,              :
           Defendant           : March 4, 2017
------------------------------X

        TRANSCRIPT OF CRIMINAL CAUSE FOR ARRAIGNMENT
             BEFORE THE HONORABLE ROBERT M. LEVY
                UNITED STATES MAGISTRATE JUDGE
```

**A P P E A R A N C E S:**

**For the Government:**      **Bridget M. Rohde, Esq.**
                             United States Attorney

                        BY:  **Saritha Komatireddy, Esq.**
                             **John Arthur McConnell, Esq.**
                             Assistant U.S. Attorney
                             271 Cadman Plaza East
                             Brooklyn, New York  11201


**For the Defendant:**       **Mildred M. Whalen, Esq.**
                             Federal Defenders
                             of New York, Inc.
                             One Pierrepont Plaza
                             16th Floor
                             Brooklyn, NY 11201-4859

**Transcription Service:**   **Transcriptions Plus II, Inc.**
                             61 Beatrice Avenue
                             West Islip, New York 11795
                             laferrara44@gmail.com




Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

Proceedings

2

1    THE CLERK:  Criminal Cause for an Arraignment
2 on case number 17-m-199.
3    Parties, please state your appearance for the
4 record.
5    MS. KOMATIREDDY:  Good afternoon, your Honor.
6    Saritha Komatireddy for the United States.
7    MR. MCCONNELL:  Artie McConnell for the United
8 States.
9    Good afternoon, Judge,
10   THE COURT:  Good afternoon.
11   MS. WHALEN:  Good afternoon, your Honor.
12   The Federal Defender of New York by Mildred
13 Whalen for Mr. Redzepagic.
14   THE COURT:  Could you just say your name for
15 the record, please.
16   THE DEFENDANT:  Elvis Redzepagic.
17   THE COURT:  Thank you.  All right.  You're here
18 so I can be sure you understand your rights, the charges
19 against you, and make a decision on bail.  And also, make
20 sure that you have an attorney to represent you.
21   You have a right to remain silent.  Anything
22 you say here today can be used against you.  Even if
23 you've already made statements to the government, you
24 don't have to say anything else.  And you're standing
25 next to your lawyer, you can feel free to consult

```
                                                                3
                         Proceedings
 1   privately with her at any time if you wish.
 2            Do you understand?
 3            THE DEFENDANT:  Uh-hum.
 4            MS. WHALEN:  Well, you have to say yes or no.
 5            THE COURT:  You have to say yes or no.
 6            THE DEFENDANT:  Yes, sir.
 7            THE COURT:  All right.  So have you met with
 8   your lawyer already?
 9            THE DEFENDANT:  No.
10            MS. WHALEN:  Uh --
11            THE DEFENDANT:  Yes.
12            MS. WHALEN:  -- when we were in the back?
13            THE DEFENDANT:  Yes.
14            THE COURT:  Wait.
15   (Counsel and client confer)
16            THE DEFENDANT:  I didn't know.  I thought you
17   meant before this time, yes.
18            THE COURT:  No, no, today.  The person standing
19   next to you is your lawyer, right?
20            THE DEFENDANT:  Uh-hum.
21            THE COURT:  You've talked to her already?
22            THE DEFENDANT:  Yes, sir.
23            THE COURT:  All right.  And did she show you
24   the complaint that has charges against you?
25            THE DEFENDANT:  Yes.
```

```
                                                                4
                            Proceedings
 1              THE COURT:  All right.  And did she explain the
 2   charges to you?
 3              THE DEFENDANT:  Yes, sir.
 4              THE COURT:  Do you understand them or do you
 5   need them to be explained to  you at this time?
 6              THE DEFENDANT:  Yes, I understand.
 7              THE COURT:  Okay.  Are you satisfied that your
 8   client understands his rights and the charges against
 9   him?
10              MS. WHALEN:  Yes, I am.
11              THE COURT:  All right.  What's the government's
12   position on bail?
13              MR. MCCONNELL:  Judge, this is a remand case.
14   My understanding is that there's no bail package that is
15   currently being proffered at this time.  However, this is
16   a situation where the defendant is not only a risk of
17   flight but also a danger to the community.  I will
18   reserve any more detailed bail application upon
19   presentment of a bond which we will obviously look at and
20   consider but the government's position is now and will
21   most likely remain that this defendant needs to be
22   remanded.
23              THE COURT:  Okay.
24              MS. WHALEN:  Your Honor, I disagree with that
25   assessment.  My client was arrested at the beginning of
```

```
                                                               5
                            Proceedings
```

1  February.  He has been on release since that time.  I
2  believe that the government has known about his
3  whereabouts and would have been able to contact him had
4  they so desired within that time period.
5              That being said, these are serious charges.  I
6  think it's going to be a bond package that's going to
7  need a couple of components including drug treatment.
8  And so I would like an opportunity over the weekend to do
9  that.  So I am asking that the case be put over for a
10 detention hearing on Monday.
11             THE COURT:  Monday.
12             MS. WHALEN:  Yes.
13             THE COURT:  Monday at 11 or Monday at 2?
14             MS. WHALEN:  It's -- actually, my understanding
15 is that the case is actually a Central Islip case.
16             THE COURT:  Okay.
17             MR. MCCONNELL:  Yes.
18             MS. WHALEN:  I don't know what their -- if they
19 do the standard 11 and 2 or if they just 2 or if they
20 just do 11.
21             MR. MCCONNELL:  I'm sure that we can figure it
22 out.  I think at 11 o'clock is fine.
23             MS. WHALEN:  Yes.
24             MR. MCCONNELL:  2 o'clock is fine.  Really,
25 whatever counsel prefers.

```
                                                              6
                         Proceedings
 1            MS. WHALEN:  Why don't we set it up for 2?
 2            MR. MCCONNELL:  That's fine.
 3            MS. WHALEN:  And then if it needs to be
 4   earlier, I can let them know.
 5            MR. MCCONNELL:  Sure.
 6            THE COURT:  All right.  And will you be
 7   representing him there?
 8            MS. WHALEN:  Either I will be there or Randi
 9   Chavis or one of the attorneys in our Central Islip
10   office will be there but I will be in contact with them
11   over the weekend, so there aren't any concerns about
12   representation.
13            THE COURT:  Okay.  And you have explained that
14   to your client?
15            MS. WHALEN:  Yes.
16            THE COURT:  Okay.  So do you understand what
17   your lawyer just said?
18            THE DEFENDANT:  Yes, sir.
19            THE COURT:  All right.  So you do have a right
20   to make a bail application at any time that you're ready
21   to do that.
22            THE DEFENDANT:  Uh-hum.
23            THE COURT:  You and your lawyer will talk about
24   when you want to do that, if at all.
25            THE DEFENDANT:  Uh-hum.
```

                                                                    7
                            Proceedings

1            THE COURT:  You do have a bail hearing set for
2    Monday at 2 o'clock in Central Islip.
3            Do you want to make a decision on preliminary
4    hearing at this point or later?
5            MS. WHALEN:  Yes, at this point we will waive
6    the preliminary hearing and I'll talk to the government
7    further about that.
8            THE COURT:  Okay.  Great.  Are there any other
9    issues?
10           MR. MCCONNELL:  No, your Honor.
11           MS. WHALEN:  No.  Your Honor, I would just ask,
12   I think it's routine, but I would like my client -- I
13   don't know if we need a medical order but I would like
14   him examined by the physician's assistant when he gets to
15   the jail.
16           THE COURT:  Okay.  Typically, they're supposed
17   to do that but we don't know how well it's being enforced
18   at this --
19           MS. WHALEN:  Right.
20           THE COURT:  -- point.
21           MS. WHALEN:  So I think a little extra order
22   never hurts.
23           THE COURT:  Okay.  All right.  So we'll need a
24   temporary order of detention for Monday then.
25   (Pause)

```
                                                                    8
                        Proceedings
 1            THE COURT:  I don't know how that's going to
 2   get out -- who is going to bring that medical order?
 3   Will someone bring it to the -- wherever he is going or -
 4   - because normally the clerk's either fax or e-mail the
 5   medical order at --
 6            THE CLERK:  He can bring a copy to the officer.
 7            THE COURT:  So that should work?
 8            THE CLERK:  And then we (indiscernible).
 9            THE COURT:  Okay.  So we'll make a copy here
10   then.  Thanks.
11   (Pause)
12            THE COURT:  All right.  So we have a detention
13   order.  The detention hearing is set forth Monday, the
14   6th of March at 2 p.m. in Central Islip.  I think that's
15   it.
16            MS. WHALEN:  Okay.
17            THE COURT:  Okay.
18            MR. MCCONNELL:  Thank you very much.
19   (Pause)
20            THE COURT:  Do you need to keep a copy of the
21   pretrial services report, Ms. Whalen?
22            MS. WHALEN:  I'm sorry?
23            THE COURT:  Do you want to keep a copy of the
24   pretrial services report?
25            MS. WHALEN:  Oh, no, no, I can --
```

9

Proceedings

1   THE COURT:  All right. But do you want to keep
2 it and then fax it out to your colleagues?
3   MS. WHALEN:  Actually, if I could do that and
4 then I'll send it back to you on Monday.  I could just
5 submit that.  Thank you, your Honor.
6   THE COURT:  Yes.  Thanks.
7   MR. MCCONNELL:  Thanks, Judge.
8     (Matter concluded)
9       -o0o-

Transcriptions Plus II, Inc.

10

# C E R T I F I C A T E

       I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

       I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

       IN WITNESS WHEREOF, I hereunto set my hand this **19th** day of **March**, 2017.

                                      Linda Ferrara

                                      AAERT CET**D 656
                                      Transcriptions Plus II, Inc.