UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
UNITED STATES OF AMERICA

       -against-

ELVIS REDZEPAGIC,

                Defendant.
-------------------------------------------------X

**MEMORANDUM & ORDER**

17-CR-228(DRH)

**APPEARANCES:**

For the Government:
    Bridget M Rohde
    Acting United States Attorney
    Eastern District of New York
    610 Federal Plaza
    Central Islip, New York 11722
    By:   Artie McConnell, A.U.S.A.
           Saritha Komatireddy, AUSA

For Elvis Redzepagic:
    Federal Defenders of New York, Inc.
    One Pierrepont Plaza -16 Floor
    Brooklyn, New York 11201
    By:   LaKeytria W. Felder, AFD
           Mildred M. Whalen, AFD

**HURLEY, Senior District Judge:**

The purpose of this memorandum is to address defendant's motion to quash a grand jury subpoena addressed to Sabina Redzepagic, defendant's mother.

Background

The following background is taken from defendant's application.

During the course of questioning by the government in early February 2017, defendant gave the government permission to access and search his Facebook account, cellular phones and laptop. Several days later, Sabina Redzepagic met with government agents and gave them

permission to access and search her email and Skype addresses. Defendant was arrested on March 3, 2017. On or about March 6, 2017, Sabina Redzepagic was served with a grand jury subpoena for testimony and documents; she supplied the documents but asserted her Fifth Amendment privilege not to testify. Defendant was indicted on April 26, 2017 on two counts of Attempt to Provide Material Support to a Foreign Terrorist organization.

Sabina Redzepagic has now been granted immunity from prosecution for her grand jury testimony and has been subpoenaed to appear.[1]

**Defendant's Position**

Relying upon the proposition that "it is improper for the government to 'utilize a Grand Jury for the sole or dominating purpose of preparing an already pending indictment for trial'" Defendant requests that "the Court order the government to provide an *ex parte* submission to the court outlining the nature and breadth of the Government's continued grand jury investigation into this case . . . ." [DE 31 at p.2.] As explained by the defense, the reason for this request is as follows:

> The government, through discovery, has provided defense counsel with the contents of the devices and social media accounts [defendant] and his mother voluntarily provided to the government. These devices and accounts memorialize numerous conversations between [defendant] and his mother, or [defendant] and others concerning his conversation and dealings with his mother.
> We believe that the purpose of the government in calling Sabina Redzepagic to the grand jury is to have her explain, under oath, the nature, circumstances, and scheduling of trips in 2015 and 2016, as detailed in the records she previously provided in response to a grand jury subpoena. We further believe that she is being called to explain, under oath, the nature and circumstances of

---

[1] The appearance was scheduled for June 28, 2017; the government has postponed it in view of the current application.

> the conversations memorialized on social media detailed in the devices and accounts previously provided to the government. If this is the government's purpose in calling Sabina Redzepagic to the grand jury, it is clearly trial preparation and outside the scope of the grand jury proceedings.

[*Id*. at pp. 2-3.]

**The Government's Response**

Opposing defendant's application, the government first argues that he lacks standing to seek to quash the subpoena as it was not issued to him and he makes no claim of privilege. Second, it maintains that defendant cannot overcome the presumption of regularity as to grand jury proceedings. Specifically, it argues:

> The defendant speculates that the government's dominating purpose for the continued use of the grand jury is to prepare for trial. However, the defendant offers no facts or circumstances to suggest such an improper purpose. In fact, they suggest the opposite – as the defendant notes, the government issued the subpoena to Ms. Redzepagic long before the return of an indictment against the defendant, and the subpoena's original return date was also long before the return of the indictment. Under such circumstances, there is no justification for an argument that the subpoena was used to prepare an already pending case for trial.
> Furthermore, the government notes that it is engaged in a continuing investigation in which it is considering adding additional charges and/or defendants. The defendant's mere conjecture is insufficient to overcome the presumption that this investigation is for a proper purpose. The continuing investigation is an additional valid reason for the subpoena and no further showing is required.

[DE 33 at p.3 (internal quotation marks, alterations, and citations omitted).]

**Discussion**

The Second Circuit has summarized the applicable legal principles as follows:

> The law is settled in this circuit and elsewhere that it is improper to utilize a Grand Jury for the sole or dominant purpose of preparing an already pending indictment for trial. Where, however, the grand jury investigation is not primarily motivated by this improper purpose, evidence obtained pursuant to the investigation may be offered at trial on the initial charges. The defendant has the burden of proving that the grand jury subpoenas were issued for an improper purpose, as the subpoenas are otherwise presumed to have a proper purpose. To satisfy this burden, the defendant must present particularized proof of an improper purpose.

*United States v. Punn*, 737 F.3d 1, 6 (2d Cir. 2013) (internal quotation marks and citations omitted).

Defendant has failed to satisfy his burden. Here, the subpoena to Ms. Redzepagic was initially issued prior to any indictment being filed, obviating any claim of improper purpose. *See United States v. Vilar*, 2007 WL 1075041, *40 (S.D.N.Y. Apr. 4, 2007) (characterizing the claim that grand jury subpoena was issued for improper purpose of trial preparation as "border[ing] on the frivolous as the Subpoena was issued before any indictment was filed"); *cf. United States v. Leung,* 40 F.3d 577, 581 (2d Cir.1994) (holding timing of subpoenas, issued five weeks after the indictment and before a trial date was set, did not undermine presumption of regularity). Based on defendant's own recitation of events, it is apparent that the delay in having Ms. Redzepagic testify before the grand jury was a result of her invocation of the Fifth Amendment and the attendant time necessary to procure immunity for her. In any event, even "a post-indictment grand jury subpoena can properly be used where there is an ongoing investigation into (1) possible new charges being brought against the defendant in a superseding or separate indictment, or (2) there is possible addition of a new defendant or defendants to the existing indictment." *United States v. Ahn*, 1995 WL 217557 (S.D.N.Y. 1995) (citing, *inter alia, Leung*,

40 F.3d at 581). The government has represented to this Court that both these purposes are present in the instant case and there is nothing to suggest that the Government's explanation is inaccurate. Given these avowed purposes, the subpoena will stand.

Defendant's motion to quash to grand jury subpoena issued to Sabina Redzepagic is denied.

Dated: Central Islip, New York
June 30, 2017

   s/ Denis R. Hurley
Denis R. Hurley
United States District Judge