```
UNITED STATES OF AMERICA
EASTERN DISTRICT OF NEW YORK
-----------------------------X
UNITED STATES OF AMERICA,

        -against-
                                    MEMORANDUM AND ORDER
ELVIS REDZEPAGIC,                   Docket No. 17-CR-228(DRH)

        Defendant.
-----------------------------X
A P P E A R A N C E S:

For the Government:

    Seth D. DuCharme
    Acting United States Attorney
    Eastern District of New York
    Central Islip, New York
      By: Artie McConnell, A.U.S.A.

For Defendant:

    Ahmad & Roche LLP
    22 Cortlandt Street, 16th Floor
    New York, New York 10007
      By: Hassan Ahmad, Esq.
          David Roche, Esq.
```

HURLEY, Senior District Judge

The defendant, Elvis Redzepagic, ("Redzepagic"), is charged with two counts of attempting to provide material support to a foreign terrorist organization ("FTO") in violation of 18 U.S.C. § 2339B(a)(1) — specifically, for attempting to provide himself to the Islamic State of Iraq and al-Sham ("ISIS") and the al-Nusrah Front.  (See Indictment, DE 19.)  The charged offenses arise from the defendant's attempts to enter Syria through Turkey in 2015, and again through Jordan in 2016, in each instance to wage violent jihad on behalf of these organizations.

By notice of motion dated September 5, 2019 (DE 93),

defendant sought multiple items of relief including the dismissal of the indictment on specificity grounds and the suppression of various items of evidence that he anticipates the government will endeavor to introduce at trial. Those defense motions have been earlier addressed either by denials or the scheduling of a hearing. What remains for determination is the government's cross-motion "to preclude [the defendant from presenting] mental health evidence [at trial]." (Gov't's Response in Opp. to Def.'s Pretrial Motions and Gov't's Motion to Preclude Mental Health Evidence (DE 97 at 65) (capitalization in original) ("Gov't's Response").) That is the subject of this decision.

> Anticipatory Nature of Government's
> Motion to Preclude Mental Health
> <u>Evidence and Concomitant Arguments</u>

As explained by the government:

> The defendant's memorandum in support of his motions to suppress alludes to a myriad of psychiatric and substance abuse issues, suggesting that the defendant did not, in fact, engage in criminal conduct, while simultaneously implying that he could not form the requisite intent for doing so. <u>See</u> Def. Mot. at 1 (defendant is a "damaged drug addict suffering from voices in his head and paranoid delusions . . . the logistics of his account [are] highly implausible"). <u>To the extent this foreshadows the defendant's trial strategy</u>, the government hereby moves <u>in limine</u> to preclude the defendant from attempting to introduce evidence of mental disease or defect. Such evidence has not been properly noticed and would be impermissible and inappropriate to the instant charges.

2

(Gov't's Response at 65-66 (emphasis added).)

The government's position has several tiers, viz.: (1) defendant has concededly not complied with the pretrial notice conditions set forth in Federal Rule of Criminal Procedure 12.2(a) and (b) thereby procedurally barring an insanity defense or any other expert-based evidence of his mental condition bearing on the issue of guilt; (2) such evidence, even if not procedurally barred, would be inadmissible under the provisions of the Insanity Defense Reform Act ("IDRA") which establishes the federal parameters for an appropriate mental health defense and, finally (3) even if the defendant's mental health evidence – in whatever form it may ultimately take – were to clear the forgoing hurdles, it would run afoul of Federal Rule of Evidence 403 given that "its probative value is substantially outweighted by a danger of . . . unfair prejudice, confusing the issues [and] misleading the jury . . . ."  Federal Rule of Evidence 403.

<u>Defendant's Reply to Government's Cross-Motion (DE 99)</u>

In response to the government's motion, defendant initially clarifies his intentions as to offering evidence delineating his mental health and drug addiction.  As he explains:

> The defendant does not intend to assert an insanity defense, and will not be offering expert testimony furthering such a defense. Furthermore, the defendant will not be offering any mental defect as an excuse for committing any charged crimes.  However, the

3

>     defendant's drug abuse and related mental
>     state and mental health does provide
>     necessary context and background to this
>     case.  His drug abuse and related mental
>     state provides explanation for his decisions
>     to travel overseas and to return to the
>     United States and also provides explanation
>     for his strange conduct during the time
>     period encompassing the alleged crimes and
>     the time period leading up to and including
>     his arrest.
>
>     Evidence relating to the defendant's
>     mental health and drug abuse is inextricably
>     intertwined with the facts of this case, and
>     it will be impossible for a trier of fact to
>     evaluate this case without knowledge of the
>     defendant's drug abuse and mental state.

(Reply to Gov't Resp. in Opp. to Def.'s Pre-trial Motions and the Gov't's Motion to Preclude Mental Health Evidence (DE 99)("Def.'s Reply")at 5-6.)

Notably absent from defendant's Reply is mention of the IDRA which is a key element of the prosecution's motion.  That statute reads in pertinent part:

>     It is an affirmative defense to a prosecution
>     under any Federal statute that, at the time
>     of the commission of the acts constituting
>     the offense, the defendant, as a result of a
>     severe mental disease or defect, was unable
>     to appreciate the nature and quality of the
>     wrongfulness of his acts.  Mental disease or
>     defect does not otherwise constitute a
>     defense.

18 U.S.C. § 17(a). That absence is traceable to defendant's position that his mental health and drug addiction problems will not be presented "as an excuse for committing any charged crimes" – thus not implicating the IDRA – but rather to provide "context"

4

to the charged wrongdoing.  (Def.'s Reply at 5.)

## Discussion

While the IDRA is not mentioned in Defendant's Reply, he further explained its purported lack of relevance during oral argument thusly:

> MR. ROCHE: Your Honor, what we would be thinking of is I believe in the Government's case they will be relying on a lot of communications that our client made and certain behaviors that he exhibited around the time of the charged offenses.
>
> Our position will be that he was suffering from very severe drug addition at the time which had an impact on his behavior, had an impact on the way he was communicating and the reliability of his communication.
>
> Probably we could be seeking – we will probably have family members testify as to just their experiences of Mr. Redzepagic around that time.
>
> He had traveled over to Montenegro to basically get away from New York to try and deal with his addiction issues.[1]
>
> While he was spending time in Montenegro, there were some kind of bizarre what we believe to be drug-related behavior that I think will be relevant to providing context and understanding of what his state of mind was at the time as it would provide some explanation for I think some of the communications and

---

[1] To the extent defendant has evidence suggesting that he traveled to the Middle East "to get away from New York and deal with his addiction issue," such information – if presented in admissible form – would certainly be relevant and presumably of aid to the jury in the performance of its task.

The situation is otherwise with respect to the "context" information sought to be introduced by Redzepagic to suggest that his drug addiction is relevant to his intent to engage in the charged wrongdoing.  That subject will be explained in the test <u>infra</u>.

>    some of the behaviors that the Government will be
>    pointing to as evidence that he was becoming
>    radicalized and had intention to engage in providing
>    support for terrorism.
>
>                            . . . .
>
>    Mr. ROCHE: We believe that his drug abuse caused
>    certain mental abnormalities and caused an altered
>    mental state basically that manifested in certain
>    behaviors and certain modes of communication.

(Tr. of Jan. 23, 2020 status conference which included oral argument of then outstanding motions (DE 121-1) at 10-12.)

As noted, defendant disclaims any intention of telling the jury that his drug addiction and corresponding altered "mental state" and "mental health" issues constitute an excuse for the charged conduct.  Rather, such information we are told would serve merely as "background" to shed light on defendant's "bizarre" conduct and communications during the relevant time frame.  (Def.'s Reply at 5; see DE 121.1 at 11 for defendant's labeling of subject conduct as seemingly "bizarre.")  Under the guise of "background" and "context," Redzepagic is endeavoring to indicate that the government's proof as to his words and actions were not knowingly and intentionally uttered or committed on his part, but instead were products of his altered, drug-induced mental state.  That argument, certainly if offered as "as affirmative defense," would be precluded under the IDRA.

Although the evidence under discussion may not be used as an affirmative defense, would Redzepagic's supposedly drug induced behavior be, nonetheless, appropriately presented to the

6

trier-of-fact — not as a defense per se — but rather as part of the evidence for the jury to evaluate in deciding whether the government met its burden of proof?

In defendant's view, that question calls for an affirmative answer citing a single case, United States v. Solomon-Eaton, 12-CR-352 (E.D.N.Y. Apr. 9, 2014.)  But the issue in Solomon-Eaton was whether the defendant had made a sufficient showing following a Daubert hearing to advance an insanity defense, with supporting psychiatric testimony, at trial.  Its relevance for present purposes appears to be nonexistent.

A case that is relevant and instructive for present purposes is United States v . Sewell, 252 F.3d 647 (2d Cir. 2001).  In Sewell the Second Circuit held that "voluntary intoxication does not negate the intent element of a crime of general intent . . . ."  Id. at 651; see also id. at 650-51 ("With the exception of strict liability crimes, crimes require general intent, which ordinarily is 'at least an intention to make the bodily movement which constitutes the act which the crime requires' in order for criminal liability to attach. I W.LaFave & A. Scott, Substantive Criminal Law, § 3.5, p. 315 (1986).").

The following excerpt from Sewell indicates that the argument now advanced by Redzepagic largely parallels that unsuccessfully urged by Sewell:

7

> Throughout the proceedings below, Sewell attempted to get before the jury evidence and instructions regarding the fact that he was high on crack cocaine at the time he committed the robbery. Judge Siragusa consistently rejected Sewell's attempts. Sewell argues on appeal that the district court deprived him of his right to present a defense when it ruled that defendant could not present evidence of his intoxication to negate the element of intent. According to defendant, even though Section 2113(a) is a general intent crime, voluntary intoxication still is relevant as a defense because it blots out some intent or knowledge that the crime requires.

Id. at 650.

Whether Redzepagic was high when he may have said or done something which the government claims is incriminating is non-decipherable from the motion papers. However, assuming he was, Sewell instructs that such information is inadmissable to mitigate or otherwise bear on his general intent[2] to provide material support to a foreign terrorist organization. Cf. United States v. Johnson, 14 F.3d 766, 767-70 (2d Cir. 1994).

CONCLUSION

For the reasons indicated, the government's motion to preclude[3] the defense from presenting mental health/drug

---

[2] The government states that "defendant is charged only with general intent crimes," Gov't's Response at 71, and the defense does not maintain otherwise. A reading of the subject statute confirms the validity of that apparently shared conclusion.

[3] In view of the foregoing, the government's alternate Rule 403 argument is rendered purely academic and will not be

8

addiction evidence to the jury vis-a-vis the issue of Redzepagic's intent to commit the charged crimes is granted.

SO ORDERED.

Dated: November 13, 2020
      Central Islip, New York

                                                _____
                                                DENIS R. HURLEY, U.S.D.J.

---

addressed.