UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
-----------------------------X
                             :
UNITED STATES OF AMERICA,    :
                             :    17-CR-228 (DRH)(AKT)
          v.                 :
                             :    April 23, 2021
ELVIS REDZEPAGIC,            :
                             :    Central Islip, NY
          Defendant.         :
                             :
-----------------------------X
```

TRANSCRIPT OF CRIMINAL CAUSE FOR GUILTY PLEA
BEFORE THE HONORABLE A. KATHLEEN TOMLINSON
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:          SETH DuCHARME, ESQ.
                             UNITED STATES ATTORNEY
                             BY: ARTIE McCONNELL, ESQ.
                             ASSISTANT U.S. ATTORNEY
                             271 Cadman Plaza East
                             Brooklyn, New York  11201


For the Defendant:           DAVID ROCHE, ESQ.
                             HASSAN AHMAD, ESQ.



Audio Operator:


Court Transcriber:           ARIA SERVICES, INC.
                             c/o Elizabeth Barron
                             102 Sparrow Ridge Road
                             Carmel, NY 10512
                             (845) 260-1377



Proceedings recorded by electronic sound recording,
transcript produced by transcription service

```
 1              THE CLERK:  Criminal cause for guilty plea
 2   in 17-CR-228, United States of America v. Elvis
 3   Redzepagic.
 4              Counsel, please state your names for the
 5   record.
 6              MR. McCONNELL:  Your Honor, this is Artie
 7   McConnell for the United States.
 8              THE COURT:  Good afternoon.
 9              MR. ROCHE:  Good morning, your Honor.  David
10   Roche and Hassan Ahmad for Mr. Redzepagic.  Good
11   afternoon.
12              THE COURT:  Good afternoon.  We have another
13   counsel as well?
14              MR. ROCHE:  Yes, Hassan Ahmad is also here
15   for Mr. Redzepagic.
16              THE COURT:  State your appearance on the
17   record.  Go ahead.
18              MR. AHMAD:  Hassan Ahmad along with David
19   Roche on behalf of our client, Mr. Redzepagic.  Good
20   afternoon, Judge.
21              THE COURT:  Good afternoon.
22              Mr. Redzepagic, I can see you but I want to
23   make sure that you can hear me clearly.  Can you hear
24   me?
25              THE DEFENDANT:  Yes, I hear you.
```

1          THE COURT:  And as for all the other

2     counsel, if you would, when you are not speaking, I'm

3     going to ask you to keep yourself on mute so that we

4     don't get the feedback that we can get with these

5     proceedings.

6          I have a preliminary matters that I need to

7     go over with Mr. Redzepagic before we get to the actual

8     plea, so let me begin with that.  First of all, as

9     counsel are well aware, the Chief Judge of this

10    district, Margo Brodie, has issued several

11    administrative orders with respect to the manner in

12    which certain proceedings are being held in light of

13    the pandemic.  The most recent order, which dates from

14    March 20th, indicates that criminal proceedings other

15    than trials, to the extent possible, are to continue

16    remotely pursuant to the provisions of the Cares Act

17    and administrative order number 2020-13-3.  This is

18    from her administrative order 2021-4-1.  This is one of

19    the proceedings in the listing of proceedings that can

20    go forward remotely and is urged to go forward

21    remotely, as we are doing here today.

22          So the provision that I need to address, Mr.

23    Redzepagic, is the fact that we're going to go forward

24    today, so long as I know that you're consenting to this

25    particular proceeding being conducted by means of video

1    conference.  Are you consenting to that, sir?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Did you have the opportunity to

4    speak with your counsel about proceeding in this

5    manner?

6              THE DEFENDANT:  Yes.

7              THE COURT:  I'm going to ask counsel if you

8    would just to confirm that fact, that you had that

9    conversation with Mr. Redzepagic.

10             MR. ROCHE:  Yes, we did, your Honor.

11             THE COURT:  I have also before me an order

12   of referral from Judge Hurley (ui) for the purposes of

13   conducting the proceedings today (ui) permission to

14   enter a plea of guilty, to conduct an allocution

15   pursuant to Rule 11 of the Federal Rules of Criminal

16   Procedure, and my job is to first of all determine if

17   the plea is knowingly and voluntarily made and not

18   coerced, and secondly, to recommend to Judge Hurley

19   that the plea of guilty should be accepted, reporting

20   to him as soon as practicable.

21             Mr. Redzepagic, you understand that this is

22   Judge Hurley's case, correct?

23             THE DEFENDANT:  Yes.

24             THE COURT:  He is the judge who will

25   sentence you and ultimately make the decision as to

1  whether to accept your guilty plea.  If you wish, you

2  have the absolute right under the Constitution to have

3  Judge Hurley listen to your plea.  And if you choose to

4  do that, there would be no prejudice to you in doing

5  so.

6          Do you understand that?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Alternatively, if you wish, you

9  can enter your plea here before me today and I will

10 listen to the plea, and a transcript will be made by

11 the court reporter of this proceeding.  Judge Hurley

12 will then review the transcript to decide whether to

13 accept the plea, and he will review the transcript in

14 connection with your sentence.

15         So my question to you right now is, do you

16 wish to give up the right to have Judge Hurley listen

17 to your plea and instead proceed before me here this

18 afternoon?

19         THE DEFENDANT:  Yes.

20         THE COURT:  Did you have the opportunity to

21 discuss having your plea entered here before me once

22 again with your counsel?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Are you making the decision to

25 proceed before me this afternoon voluntarily and of

1   your own free will?

2           THE DEFENDANT:  Yes.

3           THE COURT:  Has anyone made any threats to

4   you or promises to you to induce you to agree to have

5   your plea heard before me this afternoon?

6           THE DEFENDANT:  No.

7           THE COURT:  Based on what I've heard from

8   Mr. Redzepagic, I'm now going to sign the bottom of the

9   order of referral, which is the consent portion, and

10  the record will so reflect.

11          Let's move on now to the plea.  Mr.

12  Redzepagic, before hearing your plea and making any

13  recommendation to Judge Hurley, there are a number of

14  questions that I must ask to assure that this is in

15  fact a valid plea.  If for some reason, you don't

16  understand any of the questions I'm about to ask you,

17  please if you would raise your hand, speak up, let me

18  know in some way that you don't understand, and I will

19  try to rephrase the question in a way that you can

20  answer it.

21          Can we agree to your doing that?

22          THE DEFENDANT:  Yes.

23          THE COURT:  I'm going to ask the clerk now

24  please if you would to swear in the defendant.

25          THE CLERK:  Yes, Judge.

1              (Defendant is sworn.)

2              THE COURT:  Mr. Redzepagic, you understand

3    that having been sworn now, your answers to my

4    questions will be subject to the penalties of perjury

5    or making a false statement if you do not answer them

6    truthfully.

7              THE DEFENDANT:  Yes.

8              THE COURT:  What is your full name, please?

9              THE DEFENDANT:  Elvis Redzepagic.

10             THE COURT:  How old are you, Mr. Redzepagic?

11             THE DEFENDANT:  30 years old.

12             THE COURT:  Are you a citizen of the United

13   States?

14             THE DEFENDANT:  Yes.

15             THE COURT:  What is the highest level of

16   schooling that you've completed?

17             THE DEFENDANT:  High school.

18             THE COURT:  Are you now or have you recently

19   been under the care of a physician or psychiatrist?

20             THE DEFENDANT:  No.

21             THE COURT:  In the past 24 hours, have you

22   taken any narcotic drugs, medicine or pills, or drunk

23   any alcoholic beverage?

24             THE DEFENDANT:  No.

25             THE COURT:  Have you ever been hospitalized

1   or treated for narcotics addiction?

2            THE DEFENDANT:  Yes.

3            THE COURT:  How long ago was that?

4            THE DEFENDANT:  I can't recall.

5            THE COURT:  Was it in the past few weeks or

6   several years ago?

7            THE DEFENDANT:  Before 2017.

8            THE COURT:  Is there anything with respect

9   to that treatment being behind you at this point that

10  would have any impact at all on your ability to answer

11  my questions here today truthfully?

12           THE DEFENDANT:  No.

13           THE COURT:  Is your mind clear as you sit

14  here this afternoon?

15           THE DEFENDANT:  Yes.

16           THE COURT:  Do you understand what's going

17  on here in the course of this proceeding?

18           THE DEFENDANT:  Yes.

19           THE COURT:  Just bear with me for a second.

20           With respect to counsel, have you discussed

21  this matter with your client?

22           MR. ROCHE:  Yes, your Honor.

23           THE COURT:  With respect to his rights, does

24  he understand what rights he would be waiving by

25  pleading guilty here?

1          MR. ROCHE:  Yes, he does, your Honor.  I've

2  explained them to him.

3          THE COURT:  To the best of your knowledge,

4  if Mr. Redzepagic capable of understanding the nature

5  of these proceedings?

6          MR. ROCHE:  He is capable.

7          THE COURT:  Do you have any doubt at this

8  time as to Mr. Redzepagic's competency to plead?

9          MR. ROCHE:  No, I do not, your Honor.

10          THE COURT:  Mr. Redzepagic, you have the

11  right to plead not guilty.

12          Do you understand that?

13          THE DEFENDANT:  Yes.

14          THE COURT:  If you plead not guilty, under

15  the Constitution and the laws of the United States, you

16  are entitled to a speedy and public trial by jury with

17  the assistance of counsel on the charges.

18          Do you understand that?

19          THE DEFENDANT:  Yes.

20          THE COURT:  At the trial, you would be

21  presumed to be innocent and the government would have

22  to overcome that presumption and prove you guilty by

23  competent evidence and beyond a reasonable doubt.  You

24  would not have to prove that you were innocent.  If the

25  government failed, the jury would have the duty to find

1  you not guilty.

2          Do you understand that?

3          THE DEFENDANT:  Yes.

4          THE COURT:  In the course of the trial, the

5  witnesses for the government would have to come to

6  court and testify in your presence, and your counsel

7  would have the right to cross-examine the witnesses for

8  the government, to object to evidence offered by the

9  government, and to offer evidence on your behalf.  You

10 also have the right to compel the attendance of

11 witnesses at a trial.

12         Do you understand that?

13         THE DEFENDANT:  Yes.

14         THE COURT:  At the trial, while you would

15 have the right to testify if you chose to do so, you

16 would not be required to testify.  Under the

17 Constitution of the United States, you may not

18 compelled to incriminate yourself.  If you decided not

19 to testify, the Court would instruct the jury that they

20 could not hold that against you.

21         Do you understand that?

22         THE DEFENDANT:  Yes.

23         THE COURT:  Mr. Redzepagic, if you plead

24 guilty and if I recommend to Judge Hurley that the plea

25 be accepted, you'll be giving up your constitutional

1   right to a trial and all the other rights that I just

2   discussed with you.  There will be no further trial of

3   any kind and no right to appeal or collaterally attack,

4   or at any time question whether you are guilty or not.

5   A judgment of guilty will be entered on the basis of

6   your guilty plea, and that judgment can never be

7   challenged.  However, you have the right to appeal with

8   respect to the sentence.

9           Do you understand that?

10          THE DEFENDANT:  Yes.

11          THE COURT:  If you plead guilty, Mr.

12  Redzepagic, I will have to ask you questions about what

13  you did in order to satisfy myself that you are guilty

14  of the charge to which you seek to plead guilty, and

15  you will have to answer my questions and acknowledge

16  your guilt.  Therefore, you will be giving up your

17  right not to incriminate yourself.

18          Do you understand that?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Mr. Redzepagic, are you willing

21  to give up your right a trial and the other rights that

22  I just discussed with you?

23          THE DEFENDANT:  Yes.

24          THE COURT:  I have before me a document

25  marked as Court Exhibit 1, which is your plea agreement

1  in this case.

2           First of all, have you had the opportunity

3  to review the plea agreement?

4           THE DEFENDANT:  Yes.

5           THE COURT:  Did you have also an opportunity

6  to discuss it with Mr. Roche and Mr. Ahmad as your

7  attorneys?

8           THE DEFENDANT:  Yes.

9           THE COURT:  I'm going to ask Mr. McConnell

10  on behalf of the government if you would to list

11  whether there's any waiver of appeal or other waivers

12  of rights included in this plea agreement.

13           MR. McCONNELL:  Yes, your Honor.  The plea

14  agreement spells out the guidelines calculation if your

15  Honor would like me to go through that, or just the

16  appellate waiver portion.

17           THE COURT:  Why don't you do the appellate

18  waiver portion.  I think the rest --

19           MR. McCONNELL:  Okay.

20           THE COURT:  Since he's indicated he's gone

21  over it with counsel, I think we're okay.

22           MR. McCONNELL:  Okay.  Just for the record,

23  the guidelines calculation -- the (ui) guidelines range

24  is 240 months by the government's calculation.  The

25  appellate waiver says that Mr. Redzepagic agrees to not

1    file an appeal or otherwise challenge the conviction or

2    sentence in the event the Court imposes a term of

3    imprisonment of 168 months or below.  The government is

4    obviously not (ui) recommendation would be and the plea

5    agreement is clear that the guidelines estimate is not

6    binding and is ultimately determined by the sentencing

7    court.

8              THE COURT:  All right, thank you.

9              Mr. Redzepagic, you just heard the

10   prosecutor go over the waivers that are contained in

11   this plea agreement.  I want to focus for a minute on

12   the appellate waiver.  According to paragraph 4 in this

13   agreement, it says that you are not going to file an

14   appeal or otherwise challenge essentially your

15   conviction or sentence in the event that Judge Hurley

16   imposes a term of imprisonment of 168 months or below

17   that number.  I want to make sure that you understand

18   that specific provision in terms of any waiver of

19   appeal.

20             First of all, do you understand or do you

21   have any questions about that at all?

22             THE DEFENDANT:  No questions.  I understand.

23             THE COURT:  Let me just confirm for the

24   record if you would, did you have a sufficient

25   opportunity to discuss that provision with Mr. Roche

1    and/or Mr. Ahmad?

2              THE DEFENDANT:  Yes, I did.

3              THE COURT:  It's my understanding based on

4    the contents of the plea agreement, Mr. Redzepagic,

5    that intend now to plead guilty to Count 1 of the

6    indictment, is that correct?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Count 1 charges you with an

9    attempt to provide materials (ui) to a foreign

10   terrorist organization.  I'm going to call upon Mr.

11   McConnell once again if you would please to (ui)

12   elements of the crime that's charged here in Count 1.

13             MR. McCONNELL:  Yes, your Honor.  The

14   elements of this offense -- first, the defendant

15   attempted to (ui) material (ui) resources to a foreign

16   terrorist organization.  In this case, those resources

17   were himself, the defendant, (ui) to join a foreign

18   terrorist organization per 18 USC 2339 (ui).

19             The second element is that the defendant

20   knew that the organization was designated a terrorist

21   organization or that the organization had engaged in

22   terrorist activity or terrorism.  The organization I

23   believe (ui) the defendant (ui).  (Ui) terrorist

24   organization pursuant to the Secretary of State.

25             The third element is (ui) requirement that

1    can be satisfied in a number of ways.  First, it can be

2    satisfied by the fact that the defendant is a U.S.

3    citizen, which he is, or that the defendant returned to

4    the United States after the conduct occurred, which he

5    did after this offense took place, and that the offense

6    affected interstate or foreign commerce.  Those are the

7    elements, your Honor.

8              THE COURT:  Thank you.

9              Mr. Redzepagic, you just heard the

10   prosecutor outline the elements of the crime charged in

11   Count 1.  First of all, do you understand those

12   elements?

13             THE DEFENDANT:  Yes.

14             THE COURT:  And for the record, have you had

15   the opportunity to discuss this with Mr. Roche and/or

16   Mr. Hassan (sic)?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Excuse me, Mr. Ahmad, my

19   apologies.  Yes?

20             THE DEFENDANT:  Yes.

21             THE COURT:  I want to take a minute to go

22   over the other terms in your plea agreement (ui).  Do

23   you have a copy of it there by any chance?

24             THE DEFENDANT:  No.

25             THE COURT:  All right.  But you have gone

1  over it sufficiently, I think you already stated, with

2  your attorneys, correct?

3              THE DEFENDANT:  Yes.

4              THE COURT:  All right.  Under the statute

5  that applies in these circumstances, the maximum term

6  of imprisonment that Judge Hurley can impose here is up

7  to 20 years.

8              Do you understand that?

9              THE DEFENDANT:  Yes.

10             THE COURT:  And under the same statute, the

11 minimum term of imprisonment is zero years.

12             Do you understand that as well?

13             THE DEFENDANT:  Yes.

14             THE COURT:  If Judge Hurley sentences you to

15 a term of imprisonment, he's also obligated by statute

16 to impose a period of supervised release.  In this

17 instance, the maximum period of supervised release is

18 life, to follow any term of imprisonment.  If you were

19 to violate any condition of your supervised release,

20 you could be sentenced to up to three years, without

21 credit for prerelease imprisonment or time previously

22 served on post-release supervision.

23             Do you understand that?

24             THE DEFENDANT:  Yes.

25             THE COURT:  Also under the statute that

1  applies here, the maximum fine that can be imposed by

2  the Court is $250,000.

3              Do you understand that as well?

4              THE DEFENDANT:  Yes.

5              THE COURT:  And there is a $100 special

6  assessment imposed here.  That is in the form of an

7  order or a penalty charge that has to be paid.  It's

8  really in the form of an administrative fee that has to

9  be paid within the short term.

10             Do you understand that?

11             THE DEFENDANT:  Yes.

12             THE COURT:  There are certain other criminal

13 forfeiture provisions set forth in the plea agreement.

14             Are you aware of those forfeiture

15 provisions?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Do you have any questions about

18 them?

19             THE DEFENDANT:  No.

20             THE COURT:  The plea agreement also

21 contains, as Mr. McConnell told us earlier, information

22 about the offense level and the federal sentencing

23 guidelines.  I want to make sure first of all that

24 you've had the opportunity to discuss the federal

25 sentencing guidelines with Mr. Roche and/or Mr. Ahmad.

1              THE DEFENDANT:  Yes.

2              THE COURT:  You also understand that the

3    sentencing guidelines, the judge is required to review

4    those, but he is not bound by the calculations that

5    have been done that are contained in your plea

6    agreement.

7              Do you understand that as well?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Under a specific Supreme Court

10   decision, the federal sentencing guideline range has

11   been determined to be advisory and not mandatory.  What

12   that means is that Judge Hurley is required to consider

13   the federal sentencing guideline range but he's not

14   compelled to sentence you within that range.

15             Do you understand that?

16             THE DEFENDANT:  Yes.

17             THE COURT:  After considering the federal

18   sentencing guideline range, Judge Hurley is required to

19   consider all the other factors in your case.  He has to

20   consider for example the (ui) for sentencing.  Those

21   include first of all the nature and circumstances of

22   the offense here and the history and characteristics of

23   you as the defendant in this case.  He also has to

24   consider the need for the sentence imposed to reflect

25   the seriousness of the offense, to promote respect for

the law, and to provide just punishment for the

offense.  He also has to consider the need to (ui) as

to other criminal conduct and the need to protect the

public from further crimes that you might commit.

Once Judge Hurley has considered the federal

sentencing guideline range as well as all the other

factors that I just went over with you, his job at that

point is to determine a sentence that's reasonable,

taking all of those factors and circumstances into

account.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Mr. Redzepagic, do you

understand that if the sentencing that Judge Hurley

imposes here is more severe than what you might have

expected, you will nonethtless be bound by your guilty

plea and you will not be permitted to withdraw it.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Do you have any questions that

you'd like to ask me about the charge, your rights, or

anything else relating to this matter?

THE DEFENDANT:  No.

THE COURT:  Are you ready to plead?

THE DEFENDANT:  Yes.

1          THE COURT:  Mr. Roche, do you know of any

2     legal reason why Mr. Redzepagic should not plead

3     guilty?

4          MR. ROCHE:  I do not, your Honor.

5          THE COURT:  Mr. Redzepagic, are you

6     satisfied with your legal representation up to this

7     point?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Do you feel that your attorneys

10    have done a good job?

11         THE DEFENDANT:  Yes.

12         THE COURT:  Mr. Redzepagic, what is your

13    plea to Count 1 of the indictment, attempt to provide

14    material support to a foreign terrorist organization?

15         THE DEFENDANT:  I plead guilty.

16         THE COURT:  Are you making this plea of

17    guilty voluntarily and of your own free will?

18         THE DEFENDANT:  Yes.

19         THE COURT:  Has anyone threatened you or

20    forced you in any way to get you to plead guilty?

21         THE DEFENDANT:  No.

22         THE COURT:  Other than the agreement with

23    the government which I referred to earlier and that we

24    marked as Court Exhibit 1, your plea agreement with the

25    government, other than that agreement, has anyone made

```
1    any promise that caused you to plead guilty here?

2              THE DEFENDANT:  No.

3              THE COURT:  Has anyone made any promise to

4    you as to what your sentence will be?

5              THE DEFENDANT:  No.

6              THE COURT:  Mr. Redzepagic, did you, as

7    charged in Count 1, on or about and between June, 2015

8    and August, 2015, here in the Eastern District of New

9    York and an extraterritorial jurisdiction of the United

10   States, together with others, did you knowingly and

11   intentionally attempt to provide material support and

12   resources as defined in Title 18 of the United States

13   Code, Section 2339(a), subdivision B, including

14   personnel, including yourself (ui) foreign terrorist

15   organizations, here specifically the Islamic state of

16   Iraq (ui), hereinafter referred to as ISIS, and (ui),

17   which at all relevant times have been designated by the

18   Secretary of State as foreign terrorist organizations,

19   knowing that the organizations had been designed

20   terrorist organizations, and that the organizations

21   (ui) were engaging in terrorist activity and terrorism,

22   and that you, who are a national of the United States

23   as defined in Section 101 (ui) of the Immigration and

24   National Security Act (ui) conduct required for the

25   offense -- this offense occurred, you were found in the
```

1  United States, the offense occurred in part within the

2  United States, and the offense occurred in and

3  affecting interstate and foreign commerce.

4           Did you do that?

5           THE DEFENDANT:  Yes.

6           THE COURT:  All right.  Mr. Redzepagic, I

7  will (ui) describe in your own words what you did in

8  connection with the acts that are charged in Count 1 of

9  the indictment.

10          THE DEFENDANT:  I traveled to Turkey (ui)

11 for the purpose of joining (ui) at around June to

12 August, 2015.

13          THE COURT:  All right.  Mr. McConnell, any

14 questions or anything further you need?

15          MR. McCONNELL:  Yes, specifically the

16 defendant -- if the defendant traveled Turkey in early

17 July of 2015 with the intent of traveling (ui).  I just

18 want to confirm that the date of the actual travel to

19 Turkey was in July of 2015.

20          THE COURT:  Mr. Redzepagic, is that

21 accurate?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Okay.

24          MR. McCONNELL:  And that after that, the

25 defendant did return to the United States.

1              THE COURT:  Is that correct as well, Mr.

2    Redzepagic?

3              THE DEFENDANT:  Yes.

4              THE COURT:  All right.  All right, very

5    well, thank you.

6              Mr. McConnell, I'm going to ask you if you

7    would now on behalf of the government outline the proof

8    in this case if this case were to go to trial.

9              MR. McCONNELL:  Yes, your Honor.  Had the

10   case proceeded to trial, the government (ui) included

11   the following, all of which demonstrate the defendant

12   (ui) terrorist organization and wage a jihad.  (Ui)

13   include airline, financial, and border-crossing

14   records, specifically travel (ui) airline records which

15   corroborate his travel from Montenegro to Turkey,

16   records of (ui) interviews when the defendant returned

17   from Turkey.  (Ui) extremist propaganda that was found

18   in his possession at the time he returned.

19              (Ui) social media account (ui) not only his

20   violent ideology and his intent to join a terrorist

21   organization but communications and information (ui)

22   individuals and confederates from a particular radical

23   mosque in (ui).  We would also introduce evidence from

24   the defendant's laptop computer, which evidence of his

25   criminal intent in attempting to cross the Syrian

1  border from Turkey would include a search history (ui)

2  numerous visits to ISIS and other radical websites that

3  are (ui) travel to Syria, communications over a social

4  media platform before (ui) time in Turkey.

5         Additionally, the defendant made numerous

6  statements to both law enforcement and third parties

7  regarding his attempt to enter Syria and joint a

8  terrorist organization.  The government would call (ui)

9  to testify regarding the statements as well as law

10  enforcement agents who would testify to the defendant's

11  statements made in several interviews with the FBI.

12         THE COURT:  All right, thank you.

13         Based on the information that's been

14  provided to me, also by Assistant United States

15  Attorney McConnell, I find that the defendant here is

16  acting voluntarily, that he fully understands his

17  rights and the consequences of his plea, and that there

18  is indeed a factual basis for the plea.  I'm therefore

19  recommending to Judge Hurley that the plea of guilty to

20  Count 1 of the indictment be accepted.

21         Is there anything further from the

22  government?

23         MR. McCONNELL:  No, your Honor.

24         THE COURT:  Mr. Roche and/or Mr. Ahmad,

25  anything further on behalf of Mr. Redzepagic?

1          MR. ROCHE:  No, your Honor, thank you.

2          THE COURT:  Mr. Redzepagic, good luck to

3   you.

4          We are concluded.  Thank you all.

5                    * * * * * * *

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18          I certify that the foregoing is a correct

19    transcript from the electronic sound recording of the

20    proceedings in the above-entitled matter.

21

22

23

24

25    ELIZABETH BARRON                    April 28, 2021