

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SK/JAM
F.# 2016R01828

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 5, 2021

**By ECF and Email**

The Honorable Denis R. Hurley
United States District Court
Eastern District of New York
Central Islip, New York 11722

        Re:    United States v. Elvis Redzepagic
                  Docket No. 17-CR-228 (DRH)

Dear Judge Hurley:

        The government respectfully submits this letter in opposition to the defendant's motion to seal his sentencing submission (the "Defendant's Motion" and "Defendant's Submission," respectively).[1] Specifically, the defendant argues that sealing is justified, primarily to protect confidential information related to his medical and psychiatric history. While there may be a qualified right to redact certain types of information in public filings – and the government does not oppose limited redaction of much of the aforementioned material, as set forth below – sealing the defendant's entire submission is inappropriate given the First Amendment right of public access to judicial documents.

---

        [1]    While the defendant did not move independently for sealing, the Defendant's Motion was made implicitly as part of the Defendant's Submission. The government has filed the instant response publicly, as it does not refer to any of the specifics or details at issue in the Defendant's Submission.

I.      Applicable Law

It is well-established that there is both a common-law and a First Amendment right of public access to judicial proceedings and documents.[2] See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119–20 (2d Cir. 2006); United States v. Sattar, 471 F. Supp. 2d 380, 384 (S.D.N.Y. 2006) (collecting cases). The Second Circuit has held that these rights extend to sentencing proceedings.  United States v. Alcantara, 396 F.3d 189, 196–99 (2d Cir. 2005). Further, although the Second Circuit has not explicitly extended this holding to documents submitted for sentencing, every district court in this Circuit that has dealt with the issue since Alcantara and Lugosch has held that the right of public access extends to defense sentencing submissions.  See, e.g., United States v. Huntley, 943 F. Supp. 2d 383, 385 (E.D.N.Y. 2013) (ordering unsealing of the defendant's sentencing memorandum); United States v. King, No. 10 Cr. 122 (JGK), 2012 WL 2196674, at *1 (S.D.N.Y. June 15, 2012); United States v. Dare, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008); Sattar, 471 F. Supp. 2d at 385 (ordering unsealing of redacted copies of a psychiatric report submitted by defendant's counsel in support of sentencing memorandum, as well as counsel's cover letter); United States v. Rechnitz, 16-CR-389 (AKH), 2021 WL 127228 (S.D.N.Y. 2021).

The Second Circuit made clear in Lugosch that the presumption of public access is entitled to great weight whenever a party submits a document to the court for the purposes of influencing its decision, regardless of whether the court ultimately relies on this document. 435 F.3d at 123.  However, the right of public access is a qualified right that can be overcome by sufficiently strong countervailing interests.  Lugosch, 435 F.3d at 120.  "Such countervailing factors include but are not limited to…the privacy interests of those resisting disclosure." Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995) (internal quotations omitted)).

Thus, in order to seal documents to which the presumption of a right of public access attaches, a district court must make "'specific, on the record findings…demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" Lugosch, 435 F.3d at 120 (quoting In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987)). But "[w]here possible, limited redaction instead of wholesale sealing of court documents should be considered in order to adequately safeguard First Amendment values." Huntley, 943 F. Supp. 2d at 386 (citing Esposito v. New York Times Co., 485 U.S. 977 (1988); In re New York Times Co., 828 F.2d at 116).  And even these redactions must be narrowly tailored to overcome the First Amendment right of access: "any claimed exception to the right of access should be based on a particularized showing of need, and any redactions would be

---

[2]     Rule 49.1(a) of the Federal Rules of Criminal Procedures authorizes the redaction of certain personal identifying information, including "social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, a financial-account number, or the home address of an individual." Fed. R. Crim. P. 49.1(a). Defendant does not claim that the information he seeks to redact implicates any of the foregoing categories.

2

required to be narrowly tailored to accomplish the overriding interest." King, 2012 WL 2196674, at *2 (citing Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 13–14 (1986); Lugosch, 435 F.3d at 120).

There is a split of authority among district courts in the Second Circuit on the question of whether the defendant's medical information can be redacted from sentencing submissions. Certain courts have refused to redact this information. See King 2012 WL 2196674, at *1 (redacting the medical information of defendant's family members but refusing to seal the defendant's own medical records); Dare, 568 F. Supp. 2d at 244 (refusing to redact the defendant's medical records, despite his strong privacy interest in these records, because he had "chosen to introduce the medical information in an attempt to mitigate his sentence"). Other courts have allowed the redaction of information relating to the defendant where it was of a highly personal nature and its release "would not promote any of the values associated with public scrutiny of the sentencing process." Sattar, 471 F. Supp. 2d at 388; see also United States v. Roeder, No. 05-CR-6161L, 2009 WL 385448, at * 2 (W.D.N.Y 2009) (sealing letters from the defendant's psychotherapist and psychiatrist); United States v. Gotti, 17-CR-127 (ARR), 2017 WL 5027990 (E.D.N.Y. 2017) (allowing limited redaction of defendant's medical information where "it would be difficult, if not impossible" to protect a third party's medical information without doing so; and "the defendant here did not himself disclose or put his own medical history at issue.").

II. Argument

As a threshold matter, sentencing is "the judicial function that presents perhaps the most compelling case for transparency," and the documents subject to the instant motion all relate to that "crucial judicial function." United States v. Mermestein, 5-CR-37 (JG), 2008 WL 11435684 at *2 (E.D.N.Y. 2008) (quoting Sattar, 471 F. Supp at 385). While the defendant makes a generalized assertion of privacy to support his argument that his entire sentencing submission should be sealed, "a formulaic recitation of [a privacy] interest will not suffice to justify sealing." United States v. Strevell, 5-CR-477 (GLS), 2009 WL 577910 at *4-5.

A. Information From and Regarding the Defendant's Family

The privacy interests of third parties may be a compelling reason to justify redaction or sealing. Amodeo, 71 F.3d 1044, 1050-51. However, "letters of support for the defendant" are not covered by this rationale where they "make legal arguments in favor of the defendant's position with respect to sentencing." King, 2012 WL 2196674, at *2 (noting that "[t]he defendant has pointed to no plausible overriding interest in shielding those submissions from public scrutiny, and the public should be afforded the opportunity to review the materials that the Court has considered in arriving at the sentence in this case."). Similarly, in the Defendant's Submission, information regarding the defendant's background and family life is presented as mitigation for sentencing. While the government agrees that some of the materials are "tangential" or "extraneous" to the Court's sentencing decision and

3

may be redacted, wholesale sealing of the Defendant's Submission is not defensible on this basis.  <u>Sattar</u>, 471 F.Supp.2d at 388.

    B.  <u>The Defendant's Medical and Psychiatric History</u>

When a defendant introduces his own medical history, he "subordinate[s] his personal privacy interests to the powerful interests served by public access to judicial documents."  Mermestein, 2008 WL 11435684 at *2 (citing <u>Dare</u>); <u>Dare</u>, 568 F. Supp. 2d at 244 (denying defendant's request to redact portions of the defense sentencing memorandum, as "[d]efendant has chosen to introduce the medical information in an attempt to mitigate his sentence" and this information "is a critical part of the memoranda."); <u>King</u>, 2012 WL 2196674, at *2 ("the defendant has failed to show that there is a sufficiently compelling interest" in sealing her medical records because, inter alia, they "relate to a medical condition that the Court has been asked to consider in arriving at the sentence in this case.").

Here, as in <u>Mermestein</u>, <u>Dare</u> and <u>King</u>, the defendant has chosen to put his medical condition at issue.  As the defendant's submission relies heavily on his medical and psychiatric history in seeking a lenient sentence, it necessarily reduces his privacy interest in this information.  While the government does not oppose redacting the majority of this information – including examination reports and details derived therefrom – blanket sealing of the entire defense submission is wholly inappropriate.  As Judge Gleeson found in <u>Mermestein</u>:

> there may be instances in which particular items of medical information might properly be redacted from sentencing submissions even where a defendant has sought sentencing leniency based on his medical condition, but there is no such particularized need here. Indeed, none is asserted; <u>Mermelstein</u> seeks to seal all the information in all the subject documents. Because I conclude his privacy interests are outweighed by the qualified right of public access to judicial documents, his request is denied.

2008 WL 11435684 at *2.  Confronted with the identical situation here, the Court should deny the instant motion in its current form.

III. Conclusion

Against this backdrop, and considering applicable precedent in this district, the defendant's privacy interests are not sufficient to overcome the presumption of public access to judicial documents. As stated previously, while the government consents to sealing the reports from court-ordered psychiatric examinations and is amenable to the defendant proposing more tailored redactions to portions of his memorandum that discuss his personal and medical history, wholesale sealing of the defense sentencing submission is not warranted. Certainly, the remainder of the defense submission should be publicly available given the public's qualified First Amendment right of access to court proceedings.

Respectfully submitted,

JACQUELYN M. KASULIS
Acting United States Attorney

By: /s/
Saritha Komatireddy
Artie McConnell
Assistant U.S. Attorneys
Eastern District of New York
718-254-7000


cc: Hassan Ahmed, Esq. (by ECF and E-mail)
     David Roche, Esq. (by ECF and E-mail)
     Gregory Giblin, United States Probation Officer (by E-mail)